**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30562
Summary Calendar
_____

ANTHONY NASH,

Plaintiff-Appellant,

versus

RICK LACOMBE; BARRY HERRINGTON;
WARDEN DETENTION CTR RAPIDES
PARISH,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-2297)
_____

(August 9, 1995)

Before POLITZ, Chief Judge, KING and SMITH, Circuit Judges.

PER CURIAM:[*]

Anthony Nash, a Louisiana state prisoner proceeding *pro se* and
*in forma pauperis*, appeals the 28 U.S.C. § 1915(d) dismissal of his
civil rights complaint against Rick Lacombe, Barry Herrington, and
the Rapides Detention Center.  Finding neither error nor abuse of

_____

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

discretion, we affirm.

Nash alleges inadequate medical care while incarcerated at the Center.  Suspecting gout, Nash complained that his feet hurt and requested hospitalization for an examination.  Lacombe and Herrington, emergency medical technicians, denied the hospitalization request on three occasions but prescribed medication.  When he continued to complain a month later and reported adverse reactions to the medication, Nash was sent to a hospital where a doctor found that he did not suffer from gout. Nash alleges that he was transferred to another prison where he ultimately was diagnosed as having a heart murmur.  Alleging that the medication prescribed by Lacombe and Herrington caused the heart murmur, Nash sought damages.

Concluding that the facts did not support a finding of deliberate indifference to Nash's serious medical needs, the magistrate judge recommended dismissal as frivolous.  Over Nash's objection the district court accepted the recommendation and Nash timely appealed.

An IFP complaint may be dismissed as frivolous under section 1915(d) if it has no arguable basis in law or fact.[1]  We review such dismissals under the abuse of discretion standard.[2]

Under the fourteenth amendment pretrial detainees are entitled to reasonable medical care,[3] an inquiry which turns on the

[1]**Booker v. Koonce**, 2 F.3d 114 (5th Cir. 1993).

[2]**Id.**

[3]**Cupit v. Jones**, 835 F.2d 82 (5th Cir. 1987).

2

determination whether the medical care decision was reasonable.[4]

Medical care for one imprisoned after conviction is governed by the eighth amendment. To prevail, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."[5] The appropriate definition of deliberate indifference in this context is the subjective recklessness as used in the criminal law,[6] and it "must rest on facts clearly evincing 'wanton' actions on the part of the defendants."[7] Unsuccessful medical treatment, negligence, and even medical malpractice do not give rise to a section 1983 cause of action.[8]

We cannot with certainty determine from the record whether Nash is a pretrial detainee or convicted prisoner. This uncertainty is irrelevant, however, for Nash's allegations of medical insufficiency fail to pass muster in either instance. The allegations, taken as true, reflect that Nash was given medication for his complaint and was sent to the hospital when he complained of continued pain and reaction to the medication. These facts do not establish that the defendants knew that Nash faced a

---

[4]**Fields v. City of South Houston, Tex.**, 922 F.2d 1183 (5th Cir. 1991).

[5]**Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

[6]**Reeves v. Collins**, 27 F.3d 174 (5th Cir. 1994) (citing **Farmer v. Brennan**, 114 S.Ct. 1970 (1994)).

[7]**Johnson v. Treen**, 759 F.2d 1236, 1238 (5th Cir. 1985).

[8]**Varnado v. Lynaugh**, 920 F.2d 320 (5th Cir. 1991).

substantial risk of harm which they disregarded.[9]  Nor do they show that Nash was unreasonably denied medical care.[10]  Nash has not alleged facts which may be taken as a violation of guarantees secured by either the fourteenth or eighth amendment.

The judgment appealed is AFFIRMED.

---

[9]**Farmer**.

[10]**Cupit**.